### S. B. CALLAHAN v. C. M. AND NANCY HOUSTON.

#### No. 3238.

**1.  Temporary Administration.**—Under the Revised Statutes, articles 1877, 1878, 1882, in the appointment of a temporary administrator, any power which may be exercised in a regular administration may be conferred by the Probate Court upon the temporary administrator.    A suit by deceased in trespass to try title may be prosecuted by a temporary administrator when such power is given in his appointment.

**2.  Suggestion of Death of Plaintiff—Pleading.**—The suggestion of the death of the plaintiff and appearance by the administrator need not be made by an amended petition.

**3.  Deed by Husband to Wife—Separate Property.**—A deed by the husband to the wife has the effect of conveying the property to her separate estate, notwithstanding it be not expressed in the deed that it conveys to her separate use or property.

**4.  Want of Privy Acknowledgment—Title Bond.**—The absence of the certificate of privy acknowledgment to a title bond for the separate property of the wife is fatal to its effect as against her.    In this case an ineffectual effort was made to correct a mistake in the officer in making the certificate.

**5.  Case Adhered to—Improvements—Rents.**—Bitner v. Land Company, 67 Texas, 341, adhered to as to effect of the Revised Statutes upon the right of plaintiffs in trespass to try title to rents accrued before the statutory change.

**6.  Misjoinder of Actions.**—In an action of trespass to try title prosecuted after his wife's death for her separate property as her administrator, the defendant could not defeat the action or obtain any relief upon a personal obligation of the husband touching the land and made to a remote vendor of the defendant.

APPEAL from Hopkins.    Tried below before Hon. W. C. Jones, Special District Judge.

This was an action of trespass to try title, brought by C. M. Houston and his wife Nancy Houston against defendant Callahan for a tract of land alleged to be the separate property of said Nancy Houston.

Callahan demurred, pleaded not guilty, and specially that Houston and wife had sold the land to one W. M. Payne on October 31, 1861, for $300, $92.33⅓ of which was paid in cash and $207.66⅔ was secured by a promise that might be discharged in legal services. This conveyance was by title bond.

Appellant claims the land by chain of transfers from said Payne, and pleaded a guarantee of this bond by C. M. Houston, one of the appellees. Said plea also set up a claim of being an innocent purchaser for value, without notice of any claim by appellees except for the $207.66 balance of purchase money, and pleaded an estoppel by failure to claim the land, knowing appellant's expenditure thereon. Also pleaded the said bond for title and that the same was properly acknowledged, and asked that the certificate be validated, and then prayed in the alternative for relief as the facts might warrant. Appellant also pleaded improvements in good faith, and also made tender of the balance due on the land, and then pleaded over against C. M. Houston on his guarantee of the title bond to Henderson.

Nancy Houston died, and C. M. Houston appeared as temporary administrator of her estate and continued to prosecute the case.

Verdict and judgment for appellees put the land value $1500 and rents $625, and for appellant for improvements $1500.

Callahan appealed.

Other facts are in the opinion.

*A. A. Henderson* and *E. B. Perkins,* for appellant.— 1. When a judgment may pass title to or from an estate, the same should be represented in such cause either by a regularly appointed administrator or the heirs should be parties thereto. Rules Dist. Ct., 12–15; Rev. Stats., arts. 1887–1892, 1246, 1817.

2. The intention with which a deed is made which is not expressed on the face of the deed can not be proved to affect the rights of third parties who have no notice of such intention at the time of acquiring their interest. Flanagan v. Obertheir, 50 Texas, 379; Alstin v. Cundiff, 52 Texas, 453; Wallace v. Campbell, 54 Texas, 87.

3. A deed to a married woman, to make the land her separate property, must specify that the conveyance is to her sole and separate use, else it will not be notice. Rev. Stats., arts. 4353–4355; Cook v. Brainard, 27 Texas, 457; McDaniel v. Weiss, 53 Texas, 257.

4. Where an acknowledgment of a married woman has been properly taken, but the officer has not given a correct certificate of the same, such

certificate may be validated on a trial under the proper pleadings and proof.

5. To avoid a multiplicity of suits it is admissible to litigate all the matters in controversy between the parties growing out of the same subject matter. Rev. Stats., art. 650; Scalf v. Tompkins, 61 Texas, 476; De La Vega v. League, 64 Texas, 205.

6. Appellees were not entitled to recover pay for value of the use and occupation of the land, when the proof showed that appellant had paid the taxes and appellees had not. We are not unmindful of the fact that in Bitner v. Land Company, 67 Texas, 341, this court decided that the law was as stated by the trial court. But as that case did not discuss the statute in all its bearings, and especially does not refer to the portion which is truly a statute of limitation, we ask permission to submit it for reconsideration. The right given to recover the value of improvements was an equitable right which equity always recognized. Pasch. Dig., art. 5300; Sanders v. Wilson, 19 Texas, 196. And this recovery goes to the full value of the improvements. 2 Story Eq., 799a; 3 Pome. Eq., sec. 1241, and note. The statute of 1840 permitted the value of the use and occupation of the lands to be offset against the claim for improvements. If this statute ever intended the improvements to be considered as a part of the "land," which we doubt, it is inequitable and unjust. Where such a right is given by statute it may be taken away. Wade on Retro. Laws, sec. 239. Articles 4314 and 4815, Revised Statutes, which provide that the value of the use and occupation which may be offset against improvements shall not be estimated for more than two years before suit, is a statute of limitation, and as such may be retroactive. Wade on Retro. Laws, sec. 199. Under the Act of 1844 the plaintiff could not recover for value of use and occupation where it is shown that he had not paid taxes on the land. Pasch. Dig., art. 5306. It is sufficient for a defendant to show that he had paid the taxes, and the presumption will be that plaintiff has not. White v. Bailey, 13 Texas, 117, 118.

No brief for appellees.

STAYTON, CHIEF JUSTICE.—This action was brought by C. M. and Nancy Houston, husband and wife, to recover the land in controversy in the separate right of the wife.

Mrs. Houston died a short time before the trial, and C. M. Houston suggested her death and stated that he had been appointed temporary administrator of her estate, and that in the appointment he was empowered to prosecute this action.

It is insisted that a temporary administrator, notwithstanding the court appointing him may have authorized him to prosecute an action such as this, has no power to do so.

The statute does not provide what powers a temporary administrator may exercise, but leaves this to the determination of the court or judge appointing.

The appointment is required to "define the powers conferred," and we see no reason to doubt that power to prosecute such an action as this, or to perform any other act that a regular administrator might perform, may be conferred on a temporary administrator when in the opinion of the court or judge making the appointment the exercise of such a power temporarily is necessary for the preservation or welfare of the estate. Rev. Stats., arts. 1877, 1878, 1882.

That it was not necessary that the suggestion of death of Mrs. Houston or any step taken by the temporary administrator should be through an amended petition is too clear.

The land in controversy came to C. M. Houston through a regular chain of tranfer from the sovereignty of the soil, and he conveyed it to his wife during coverture through a deed which on its face showed that it was a gift. This made the property the separate estate of Mrs. Houston, and there was no necessity that he should have expressed in the deed his intention so to make it. His testimony given on the trial as to his purpose in making the deed might have been excluded, but its admission in no way could have affected the case. The deed executed by him made the land the separate property of his wife, and the court correctly so held.

Appellant claims through a bond for title purporting to have been executed by C. M. and Nancy Houston after the property was conveyed to her by her husband, but that instrument was not so authenticated by the officer taking her acknowledgement as to make it operative against her; consequently she parted with no right through it, if it were conceded that such an agreement properly acknowledged by a married woman would bind her to convey.

Appellant in his pleadings alleged that Mrs. Houston, under the surroundings required by law, made the necessary acknowledgment before the officer who undertook to authenticate the instrument, and on the trial placed that officer on the stand to prove these facts, but in that he failed.

The certificate was fatally defective, and the evidence of the officer who made it did not show that the facts would have authorized him to make one sufficient. Ruleman v. Pritchett, 56 Texas, 482.

There were no facts shown which could estop Mrs. Houston, and the court did not err in refusing to give charges requested upon that subject nor in refusing to give any other charges requested by appellant.

In relation to the rights of the parties growing out of improvements and occupation of the land, it is conceded that the charge was in accordance with the rules laid down in Bitner v. Land Company, 67 Texas, 341; but it is insisted that that decision is wrong, and that a right vested under a law may be divested by a subsequent law.

We see no reason to doubt the correctness of the decision in the case referred to, and do not concur in the propositions asserted by counsel upon this subject.

There are many assignments of error, but they all relate to the questions considered, in so far as they relate to the rights existing between appellant and the estate of Mrs. Houston.

The paper purporting to be a bond for title to the land in controversy was to W. M. Payne and made sometime in 1861.

On November of that year Payne transferred his right through the bond to a person through whom appellant claims, and on the day that transfer was made C. M. Houston and another made and signed an endorsement on that paper as follows:

" We agree to go security that W. M. Payne will comply with the above bond.    November 1, 1861.

"M. D. BULLION,
"C. M. HOUSTON."

This had reference to Payne's complying with his agreement to render the services or pay the sum of money agreed to be paid for the land, and in this action appellant, a remote vendee of Payne, attempted to base a cause of action against C. M. Houston, and to assert it in this suit.

The court below did not err in refusing to submit any issue to the jury upon this subject.

If appellant has cause of action against C. M. Houston by reason of that endorsement, which we do not wish to be understood as holding, that can not affect his right, as the representative of his deceased wife's estate, to recover the land in controversy, nor can such a claim be set up in this action against C. M. Houston.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered November 14, 1890.