### GANS BROTHERS ET AL. v. S. MARX ET AL.

#### Decided March 27, 1901.

**Limitation—Judgment Lien—Fraudulent Conveyance.**

An action to subject to the lien of a registered judgment land fraudulently conveyed by the judgment debtor, accrued at the date of the registration and was barred by limitation in favor of the transferree in four years therefrom.

Appeal from McLennan, Nineteenth District.     Tried below before J. G. Winter, Esq., Special Judge.

*John W. Davis, S. E. Stratton, Robt. H. Rogers,* and *Sleeper & Kendall,* for appellants.

*L. W. Campbell* and *H. N. Atkinson,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is a creditors' bill brought by several creditors of S. Marx to enforce liens alleged to be secured by registration of abstracts of judgments against Marx.     This suit was brought against S. Marx and his daughter Mollie Lowenthal and her husband Paul Lowenthal.     Some of the creditors sued as plaintiffs and others intervened, setting up similar rights.     Marx disclaimed as to all of the property except one piece claimed by him as his homestead.     Lowenthal and wife, among other things, by demurrer, pleaded the four years statute of limitation.     The trial court sustained the latter plea, and that ruling is assailed by the appellants.

The lands involved are situated in McLennan County, and appellants pleaded the recovery and registration in said county of their several judgments in 1893, 1894, and 1895, and the issuance of executions with returns nulla bona thereon.     They also alleged that in 1892 S. Marx, being the owner of some of the property and intending to defraud his creditors (among whom were appellants), conveyed the same to his daughter Mollie Marx, now Mollie Lowenthal; that in 1892 and 1893 S. Marx purchased the other tracts of land, paying the consideration therefor himself, but caused conveyances thereto to be made to Mollie Marx, with like intent to defraud creditors.     Appellants also charged that S. Marx has continuously remained in possession of the property and was in possession of it when the suit was brought; also that since the registration of appellants' judgments S. Marx, on his voluntary ap-

plication, was adjudged a bankrupt; that he scheduled no assets and claimed that he had none, and that none of the claims of plaintiffs and · interveners were filed or approved in the bankruptcy proceeding. The prayer of the bill is that the lands described be declared to be the property of S. Marx and held in trust by his daughter Mollie Lowenthal and liable to the payment of the judgments of the suing creditors; that said lands be sold for the payment of said judgments, and for the benefit of any other creditors who may join in the suit and bear their portion of the expense, and for any other order that may be found necessary for the full protection of the rights of the creditors, and for all special, general and equitable relief to which they may be entitled. The original petition was filed October 13, 1900. .

Article 3358 of the Revised Statutes reads thus: "Every action, other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." .

There is no other provision of the statute that could possibly apply to suits of this character, fixing the period of limitation at a greater length of ·time than four years, unless it could be .held that this is an action for the recovery of real estate, and that it is not such an action is well settled by former decisions of our Supreme Court. This being the case, the article quoted has application to this suit, and it must be held that the cause of action was barred. If the pleadings under consideration disclose any cause of action they show, in the absence of averments of concealment of material facts, that such cause of action sprang into existence immediately after the registration of the several judgments referred to, which occurred more than four years before the suit was brought. For an elaborate and satisfactory discussion of the four years statute of limitation, as applicable to suits of this nature, see McCampbell v. Durst, decided by the Court of Civil Appeals at Galveston, 40 Southwestern Reporter, 315.

No reversible error having been pointed out, the judgment of the district court is affirmed.

                                                           *Affirmed.*

Writ of error refused.   ·