### Mrs. Sallie Collins et al. v. T. F. Bryan, Trustee.

Decided June 14, 1905.

**1.—Bankruptcy—Trustee—Community Property.**

A trustee in bankruptcy is entitled to recover, as part of the community property, common funds expended by the bankrupt in improvements upon the separate property of his wife, to the extent that its value is enhanced thereby, and to have sale, for purpose of partition, of the improvements, but not of the land itself.

**2.—Wife's Separate Property—Improvements with Community Funds.**

The expenditure by the husband of community property in improvements upon the separate real estate of the wife will not be presumed to be a gift, in the absence of evidence of such intention; though there was no fraud upon creditors therein, the community estate, represented by the husband's assignee in bankruptcy, will be entitled to reimbursement therefor.

**3.—Same—Interest.**

Interest on the amount of community funds expended in improvement of

the wife's separate estate can not be allowed as a claim against same in reimbursing the community estate.

**4.—Same—Costs.**

Where the wife denies and resists the claim for reimbursement of the community estate for improvements made on her separate property, the costs of the litigation are to be included in the judgment to be enforced by sale of the improvements for partition in reimbursing the community, but the costs of partition should be divided.

**5.—Relief—General Prayer.**

Though the claimant for reimbursement of the community estate for improvement of the wife's separate property had mistaken his remedy in claiming a lien against such property therefor, he could have sale for partition of the improvements separately, to effect such reimbursement, under a prayer for general relief, legal and equitable.

Appeal from the District Court of Limestone County. Tried below before Hon. L. B. Cobb.

*Harper & Harper,* for appellant.—In the absence of fraud, houses and improvements placed by the husband on land, the separate property of the wife, out of community funds, become a part of the realty, and are not subject to sale for the debts of the husband. McDonna v. Wells, 1 Posey, Un. Rep. Cas., 36; Schmidt v. Huppman, 73 Texas, 116; Bullock v. Sprowls, 54 S. W. Rep., 661; Maddox v. Summerlin, 92 Texas, 487; Robison v. Huffman, 61 Am. Dec., 177.

Houses erected upon land become a part of the realty unless there is an agreement otherwise, or, at the time they were erected, there is some reason in law that such construction would operate as a fraud upon the rights of others, and the improvements are not subject to sale separate and apart from the land. McDonna v. Wells, 1 Posey, Un. Rep. Cas., 36; Rice v. Rice, 21 Texas, 58; Blum v. Rogers, 71 Texas, 677; Schmitt v. Huppman, 73 Texas, 116; Bullock v. Sprowls, 54 S. W. Rep., 661; Tiedeman on Real Property, secs. 2, 3, 4 and 5; Robison v. Huffman, 61 Am. Dec., 177; Lewis v. Johns, 24 Cal., 99.

The judgment of the court must be responsive to the pleadings filed, and can not give any relief other than the case made by the pleadings. The court having found, as a matter of law, that it would be inequitable and unlawful to order any part of the land sold, and the petition having alleged that plaintiff had a lien upon the land, and asserted no other right, the court had no power to grant any other relief, and no authority to decree a title in houses, and order them sold, and order a partition. Hall v. Jackson, 3 Texas, 305; Pinchain v. Collard, 13 Texas, 335; Chrisman v. Miller, 15 Texas, 160; McKey v. Welch, 22 Texas, 397; Menard v. Sydnor, 29 Texas, 260; Lewis v. Nichols, 38 Texas, 60; Boles v. Linthicum, 48 Texas, 221; Cundiff v. Campbell, 40 Texas, 145; Kremer v. Haynie, 67 Texas, 450; Cooper v. Loughlin, 75 Texas, 527; Middlebrook Bros. v. Zapp, 73 Texas, 31; Cooper v. Conerty, 83 Texas, 135; Weaver v. Vandervanter, 84 Texas, 693; Osborne v. Barnett, 1 Texas Civ. App., 51; Cook v. Arnold, 36 S. W. Rep., 344; McLane v. Mackey, 59 S. W. Rep., 945.

It was error to appropriate any part of the separate estate of defendant Sallie Collins for any purpose whatsoever, as the separate es-

tate of the wife is not liable for the debts of the husband, and it was error to charge her separate estate with entire costs of sale for partition. Rev. Stats., art. 3635; McKay v. Treadwell, 8 Texas, 180; Read v. Allen, 56 Texas, 193; Blum v. Light, 81 Texas, 421.

If, as the court found, appellee, as assignee of A. L. Collins, was the owner of a $300 interest in two dwellings and a barn, and appellant Sallie Collins was the owner in her own separate right of the remainder of said two residences and barn, it was error for the court to order that appellee Bryan be first paid in full out of the proceeds, but the order should have been that each be paid in proportion to the investment made, and that each should pay their proportionate part of cost of sale. McKay v. Treadwell, 8 Texas, 180; Rev. Stats., arts. 3681, 3626, 3628 and 3631; Read v. Allen, 56 Texas, 193.

*T. F. Bryan* and *Williams & Bradley,* for appellee.—The law will not presume that the improvements placed by a husband upon the wife's separate estate were intended by him as a gift to her or her separate estate in the absence of evidence to show such intention. Maddox v. Summerlin, 92 Texas, 487.

The houses, when constructed upon the separate property of the wife, if paid for with community funds, did not become her separate property, but remained a part of the community estate, as was the money with which they were built, and, being community property, they are liable to the debts of the husband. Same authority.

The judgment of the trial court will not be reversed, if otherwise correct, if correct disposition is made of the cause, because the court may have given an erroneous reason for same. Avery v. Popper, 92 Texas, 337.

Where the facts are stated in the pleading, conclusions of law stated by the pleader will be ignored, and the court will draw the proper conclusions from the facts stated; and if a good cause of action is alleged, but is defectively stated, in the absence of exception to such pleading, it will be sufficient. Wagner v. Westchester F. Ins. Co., 92 Texas, 554; Connor v. Saunders, 81 Texas, 633.

Under the pleadings and prayer, and conclusions of fact found by the court, from the admissions and evidence, appellee, as such trustee, was entitled to recover a sum equal to the amount of the community estate of appellants that went into the buildings on the separate estate of Mrs. Collins, not to exceed the enhanced value of said separate estate by reason thereof, and having a right thereto, there is a remedy therefor. The provisions made in the decree are the most equitable, and least calculated to injure the rights of Mrs. Collins that could be devised. Maddox v. Summerlin, supra.

Where the law and facts justify it, this court will reform the judgment of the trial court, and render such judgment as that court should have rendered. Rev. Stats., art. 1027.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by appellee, as trustee in bankruptcy of A. L. Collins, alleging that A. L. Collins, just prior to being adjudged a bankrupt, with intent to hinder, delay and defraud his creditors, had conveyed to appellant Mrs. Sallie Col-

lins 100 acres of land in Limestone County, Texas, a part of the J. G. Minor survey, and described in his petition, with a prayer for its recovery; and further alleging that, if not entitled to recover the land, that, during the time that A. L. Collins was seized with the title to said land, he expended large sums of money, to wit, $1,000, out of the community estate of himself and his wife, Mrs. Sallie Collins, in permanent improvements on said land, for which said land is charged, and on which land said community estate, of which appellee was the trustee, had a lien for reimbursement; praying that he be adjudged to have a lien on said land; that the same be foreclosed, and that the land be ordered sold, and "for such other and further relief, general and special, legal and equitable, as to the court shall seem meet and just," etc.

Appellants answered by general demurrer, general denial and plea of not guilty, and appellant Mrs. Sallie Collins answered, in substance, that the improvements on said land were placed there by her father and mother prior to the date of her father and mother executing the deed to her, and that A. L. Collins had no interest in said land, and had placed no improvements thereon, either out of his separate estate or the community estate of herself and her said husband.

The case was tried before the court without a jury, and the court found that the land sued for was the separate property of appellant Sallie Collins, and that appellee was not entitled to recover the land, but further found that, during the years 1895 and 1896, A. L. Collins expended $300 of the community funds of himself and wife, appellant Sallie Collins, in erecting two dwellings and one barn on the land, her separate property, and to that extent said improvements were community, and that appellee was entitled to $300 to be paid out of such improvements, and ordered that said improvements be sold for the purpose of partition, and that the proceeds arising from such sale be applied to the payment to appellee of said sum of $300, with interest from date at the rate of six percent per annum, and all costs of suit; the remainder of such sum arising from said sale to be paid to appellant Sallie Collins.

The court filed conclusions of fact, based on the admissions made at the trial and the evidence adduced, which are as follows:

"1.—The defendant Mrs. Sallie Collins, prior to her marriage to defendant A. L. Collins, owned a farm in her own right worth $1,200, which her father sold, with her consent, and used the money in the purchase of 900 acres, out of which the 100 acres in controversy was taken, and with intent on his part to deed the said 100 acres to said defendant. He paid $12 per acre for same.

"2.—Her father also sold personal property of Sallie Collins, prior to the marriage of A. L. Collins, to the amount of $250, and used the money.

"3.—In 1898, after he had paid for said land, her father deeded said 100 acres by warranty deed, reciting $250 paid, and love and affection he had for his daughter Sallie Collins. The $250 was, in fact, money of Sallie Collins's which her father had received from the sale of personal property used, and his intention was to repay the same.

"4.—December 31, 1903, A. L. Collins was insolvent, within the meaning of the bankrupt law.

"5.—On January 4, 1904, on his voluntary petition, A. L. Collins, as an individual, and the partnership of A. L. Collins and J. J. Vannoy, of which he was a member, were duly adjudged bankrupt in the United States District Court at Waco, and plaintiff T. F. Bryan was appointed and qualified, and now is, the trustee of said bankrupt.

"6.—During the years 1895 and 1896 defendant A. L. Collins expended $300 of the community funds of himself and wife, Sallie Collins, by way of erecting buildings, fences and other valuable and permanent improvements upon said 100 acres, and thereby enhanced its value $300."

And, based upon such findings of fact, the court below filed the following conclusions of law:

"1.—That said 100 acres is the separate estate of Sallie Collins.

"2.—That T. F. Bryan is entitled, as such trustee, to all of the community estate of said A. L. Collins and wife, including said $300 expended on said land.

"3.—That it would be inequitable, if not unlawful, to order any part of said land sold to pay said $300, and that the most equitable method for enforcing the collection of said sum is that provided for in the decree, which is made a part of these findings."

Appellants, under their first and second assignments of error, contend that the court erred in its second conclusion of law, because, in the absence of fraud, improvements placed on land the separate property of the wife, out of community funds, become a part of the realty, and are not subject to sale for the debts of the husband. We do not agree with this contention of appellants. Improvements erected upon land, the separate property of the wife, by the husband, out of community funds, will not be presumed to be a gift, in the absence of evidence to show such intention. There was no pleading or proof in this case that the improvements in controversy were intended by the husband of appellant Sallie Collins as a gift to her. She alleged in her answer that said improvements were placed on the land by her father and mother prior to the date of their executing the deed for the land to her, and that her husband, A. L. Collins, placed no improvements on said land, either out of his separate estate or the community estate of herself and said husband. The court below properly held that the land, being the separate property of the wife, could not be sold to reimburse the community estate for improvements made thereon out of funds belonging to said estate. (Maddox v. Summerlin, 92 Texas, 484-487.)

The court having found as a fact that A. L. Collins had expended $300 of the community estate of himself and wife, Sallie Collins, in erecting improvements on the land, the separate property of the said Sallie, such improvements, to that extent, remained the community property of the said A. L. and Sallie Collins; and the appellee, as trustee in bankruptcy of the said A. L. Collins, was entitled to recover judgment for said sum, to be paid out of the proceeds of the sale of said improvements, and the court below did not err in so holding. (Maddox v. Summerlin, supra.) And, in our opinion, the decree of the court properly and fully protects the title of appellant Sallie Collins to the land, and all the benefits derived from it, except as to the matter of interest and costs. In view of the fact that the court found

that the community estate had contributed only $300 to the erection of improvements on the land, that amount is the extent of the recovery to which appellee is entitled, and to allow interest, in addition to this amount, would be an unauthorized encroachment upon the separate property of the wife.

As appellant Sallie Collins denied that any part of the improvements were made with community funds, and contested appellee's right to recover in this suit any amount for improvements made with such funds, it would be just to tax the costs of the suit proper against her interest in the improvements, both in the court below and in this; but, if it should be necessary to partition such improvements, in order to enforce the collection of the said sum of $300, adjudged to the appellee, then the costs of the partition proceedings should be taxed against appellant Sallie Collins and appellee, in proportion to their respective interests in the property. We think the averments of appellee's petition, that $1,000 of the community estate of A. L. Collins and wife had been expended in permanent improvements upon the land, was sufficient to justify the finding of fact and judgment of the court, to the effect that the community estate owned an interest in the improvements to the extent of $300; and the prayer of the petition "for such other and further relief, general and special, legal and equitable, as to the court shall seem meet and just," authorized the court to grant the relief decreed by the judgment.

The allegation in appellee's petition, to the effect that the community estate had a lien on the land described to reimburse it for the improvements made thereon, being an incorrect legal conclusion of the pleader, was properly regarded by the court below as surplusage. (Wagner v. Westchester Fire Ins. Co., 92 Texas, 554; Connor v. Saunders, 81 Texas, 633; Lee v. Boutwell, 44 Texas, 153.)

All of appellants' assignments of error have been considered, and, in our opinion, none of them point out reversible error. The judgment of the court below is reformed so that same will bear no interest, and so as to adjudge the costs against appellant Sallie Collins of the suit, both in the court below and in this court, except such as may be incurred in the partition proceedings, which are adjudged against the appellant Sallie Collins and appellee, in proportion to their respective interests in the property partitioned; and, thus reformed, the judgment of the court below is affirmed.

*Reformed and affirmed.*