### KANE v. AMMERMAN et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1912. Rehearing Denied June 1, 1912.)

1. FRAUDULENT CONVEYANCES (§ 208*)—HUSBAND AND WIFE — IMPROVEMENTS — SUBSEQUENT CREDITORS.

Where the oldest debts proven against an insolvent husband were incurred long after his purchase of certain lots in the name of his wife, and for her benefit, and the erection of improvements thereon, and subsequent to all payments made thereafter, except payments for improvements from the proceeds of the sale of a homestead, which proceeds were exempt from liability for the husband's debts, such expenditures were not fraudulent as against subsequent creditors of the husband.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. § 208.*]

2. FRAUDULENT CONVEYANCES (§ 269*) — TRANSFER BY HUSBAND TO WIFE—IMPROVEMENTS.

Evidence that an insolvent gave to his wife his interest in community funds used in the construction of permanent improvements on

property conveyed to her over and above such funds as were applied to the husband's indebtedness to his wife was admissible under the wife's denial and plea of not guilty in a suit brought to subject property to the payment of the husband's debts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 789–795; Dec. Dig. § 269.*]

3. FRAUDULENT CONVEYANCES (§ 182*)—CONVEYANCE BY HUSBAND TO WIFE—IMPROVEMENTS.

Where there was no allegation in the complainant's petition, nor proof that insolvent's wife had contracted to pay for certain permanent improvements on her separate property, or that she conspired with her husband to conceal community funds by investing them in such improvements, she was not personally liable to his creditors for the amount of community funds invested in the improvements; their remedy, if any, being to have the improvements sold and the proceeds applied to the payment of their claims.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 568–577; Dec. Dig. § 182.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by W. B. Ammerman against Garnet B. Kane and others. From a personal judgment for plaintiff against Garnet B. Kane, she alone appeals. Reversed and rendered.

Stephens & Miller, of Ft. Worth, for appellant. F. B. Stanley, of Ft. Worth, for appellee Wilkerson. Theodore Mack, of Ft. Worth, for appellee B. B. Kane. Bryan & Spoonts, for appellee Ammerman.

DUNKLIN, J. On May 6, 1908, John D. Kane, who was then residing in Ft. Worth, filed in the district court of the United States for the Northern District of Texas his voluntary petition in bankruptcy, and about the same time bankruptcy proceedings were instituted in the same court by the Kane Company, a private corporation having its principal office and place of business at Ft. Worth, and in which corporation John D. Kane was the principal stockholder. In June of the same year John D. Kane died, leaving surviving him his wife, Mrs. Garnet B. Kane, and their minor son, B. B. Kane. W. B. Ammerman was appointed trustee in bankruptcy of the estate of John D. Kane, and W. W. Wilkerson was appointed trustee in bankruptcy of the estate of the Kane Company. W. B. Ammerman, in the capacity of trustee, instituted this suit against Mrs. Kane and her son and against Wilkerson as trustee of the estate of the Kane Company. Plaintiff's petition contained two counts, the first of which was in the form of trespass to try title to recover certain lots in Ft. Worth. In the second count plaintiff alleged that the property for which judgment was sought, together with the improvements thereon, was purchased during the existence of the marriage relation between John D. Kane and wife with funds belonging to their community estate, and therefore the property was community property and subject to the payment of the debts owing by John D. Kane and represented by plaintiff, and which were contracted by John D. Kane for the benefit of the community estate. It was further alleged in the petition that John D. Kane was insolvent when the property was purchased and when it was afterwards improved; that for the purpose of defrauding his creditors, and of placing beyond their reach the funds so invested, he caused the deeds to the property to be made to his wife as her separate property. Plaintiff further alleged that the principal portions of the considerations for the purchase of the lots consisted in purchase-money notes executed by John D. Kane and wife which were afterwards paid with community funds, and that the proceeds of the sale of the homestead of Kane and his wife were used in discharging liens upon the property in controversy after Kane and wife had abandoned all intention to use such funds in the purchase of another homestead. In the second count of the petition plaintiff prayed for a judgment for said property and improvements, for the improvements if denied title to the lots, or that the property be partitioned between plaintiff and Mrs. Kane according to their respective equities, or that, if title be decreed in Mrs. Kane, the same be charged with a lien in plaintiff's favor for the amount of community funds invested therein, and the petition concluded with a prayer for general relief.

Plaintiff alleged that Wilkerson as trustee for the Kane Company was asserting some claim to the property, and he was made a party defendant in order that he might be bound by the judgment which the plaintiff sought. By way of answer, Wilkerson, as trustee for the Kane Company, filed a petition, in which it was alleged, substantially, that the property in controversy was purchased and improved with funds belonging to that company, that John D. Kane was the sole manager of the business of the company, that he was himself insolvent and procured deeds to the property to be made in the name of his wife for the purpose of defrauding the creditors of the Kane Company. The trustee for this company sought to recover title to the property, in the alternative, for a judgment fixing a lien on the property for the funds belonging to said company which were so invested in the property, and the petition contained a further prayer for general relief. Plaintiff recovered judgment against Mrs. Kane for $10,000, but title to one of the lots was decreed to be in B. B. Kane and title to the remainder of the lots in controversy was decreed to Mrs. Kane. It was further adjudged that W. W. Wilkerson, as trustee for the Kane Company, take nothing of Mrs. Kane and B. B.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Kane. Mrs. Kane is the only party who has appealed from the judgment.

Upon the trial plaintiff introduced in evidence proof of claims against John D. Kane in excess of the amount of the personal judgment rendered against Mrs. Garnet B. Kane. The record shows that the property in controversy was purchased during the years 1900, 1901, 1902, 1903, and 1904; that the deeds were taken in the name of Mrs. Kane as her separate property, a part of the consideration being evidenced by the promissory notes of J. D. Kane and wife. The proof further showed that these purchase-money notes were all paid and the vendor's liens released prior to the year 1905; that the improvements were all placed upon the property prior to April, 1905, the consideration for which was all paid for at the time they were constructed, save and except portions which were later liquidated by the proceeds of the sale of the homestead of said John D. Kane and wife, which had been purchased in the year 1900, while such proceeds, under the law, were exempt from the payment of Kane's debts. The proof shows without controversy that the purchase money paid for the lots was in discharge of indebtedness owing by Kane to his wife for her separate funds which he had previously used in his business, and, after the purchase price for the lots was paid, there still remained a balance owing by Kane to his wife for her separate funds which he had so used. The evidence further shows, prima facie, at least, that Kane intended that the improvements should be the separate property of his wife; that all money paid therefor in excess of the amount he then owed his wife on her separate account should be a gift to her, and there was no evidence tending to controvert that showing.

[1] The oldest debts proven by plaintiff against John D. Kane were incurred long after the purchase of the lots and the erection of the improvements thereon, and subsequent to all payments for the lots and improvements, save and except payments for improvements from the proceeds of the sale of the homestead of John D. Kane and his wife, while such proceeds were exempt from his debts. Hence it cannot be said that such expenditures were in fraud of any of those creditors nor any subsequent creditors.

[2] The improvements placed upon the property were of a permanent character, and, as they became a part of the realty, evidence that John D. Kane gave to his wife his interest in the community funds used in their construction, over and above such funds as were applied to the payment of John D. Kane's indebtedness to his wife, was admissible under Mrs. Kane's general denial and plea of not guilty. Besides, we think that such gift was alleged substantially in Mrs. Kane's special answer; contrary to the contention of appellee.

148 S.W.—52

[3] There was neither allegation in plaintiff's petition nor proof that Mrs. Kane contracted to pay for the improvements, nor that she conspired with her husband to conceal community funds from Kane's creditors by investing them in the improvements; hence there was no basis for the personal judgment rendered against her for $10,000. If it had been shown that the improvements were the community property of Kane and wife, it would seem that plaintiff's only remedy to enforce his claim thereto would have been to have the improvements sold and the proceeds applied to the payment of the debts. Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Collins v. Bryan, 40 Tex. Civ. App. 88, 88 S. W. 433. In view of the facts recited above, the trial court erred in refusing the peremptory instruction requested by Mrs. Kane to return a verdict in her favor as against plaintiff's entire demand.

There appears in the record an agreement signed by counsel for all parties "that there are regular chains of transfer from or under the sovereignty of the soil down to Mrs. Garnet B. Kane of the several lots of land in controversy." The statement of facts shows that all the deeds to Mrs. Kane were duly filed and recorded in the deed records of Tarrant county immediately after they were executed. It was shown by uncontroverted proof that Mrs. Kane through her tenants has been in peaceable and adverse possession of the lots ever since March, 1905, when the improvements were finished, if the possession of her husband be held to be her possession. This suit was filed April 2, 1909.

Appellant pleaded the statute of limitation of three years, and by one of her assignments she insists that the trial court erred in refusing to sustain this plea, citing in support of that assignment Evans v. Guipel, 35 S. W. 940. Conceding for the sake of argument that the creditors represented by appellee acquired an equitable lien upon the improvements as soon as they were placed upon the property, appellant insists, further, that the trial court erred in overruling his plea of the statute of four years' limitation to the enforcement of that lien, citing in support of that contention Gans v. Marx, 25 Tex. Civ. App. 497, 61 S. W. 527. Having concluded, as shown above, to grant appellant the same relief upon other grounds, it is unnecessary to determine the merits of the two assignments last noted.

For the reasons stated, the personal judgment in plaintiff's favor against appellant is reversed, and judgment is here rendered in her favor as against all claims asserted by the plaintiff for any interest in or lien upon the improvements upon said lots, and for any indebtedness growing out of the erection of said improvements. In all other respects the judgment of the trial court will not be disturbed.