## FIRST NAT. BANK IN HEMPHILL v. ARNOLD et ux.,

No. 3151.

Court of Civil Appeals of Texas. Beaumont.

June 23, 1937.

Rehearing Denied July 14, 1937.

J. R. Bogard, of San Augustine, and Minton & Minton, of Hemphill, for appellant.

L. E. King, of Hemphill, Synnott & Smith, of Jasper, and W. F. Goodrich, of Hemphill, for appellees.

O'QUINN, Justice.

Appellant sued appellees, H. B. Arnold and his wife, Estelle Arnold, to recover judgment for the balance due on a note ex-

ecuted by H. B. Arnold on January 13, 1932, and due on May 13, 1932, and to foreclose a deed of trust executed by Arnold and his wife on March 20, 1931, covering six certain tracts of land in Sabine county, Tex., said deed of trust having been executed for the purpose of securing the payment of a note executed by H. B. Arnold on March 20, 1931, payable to said bank, and of which the note sued on was a renewal or extension.

Trial before the court without a jury resulted in a judgment for appellant against H. B. Arnold for the amount of the debt, $4,945.56, but refused a foreclosure of the deed of trust lien.

The record discloses that appellee H. B. Arnold had for some time been dealing with the State Bank in Hemphill and the origin of the note in suit was an accumulated indebtedness of Arnold to the State Bank for which indebtedness he executed to said bank his note in the sum of $3,000. This was about 1929. The State Bank was closed and the note was transferred to the First National Bank of Hemphill. As we gather from the record, the First National Bank of Hemphill ceased to do business and the note was transferred to its successor, appellant, the First National Bank in Hemphill, which filed this suit. The note was not paid, but from time to time was renewed. On March 20, 1931, being due, Arnold again renewed it in the sum of $3,000, and on said date, March 20, 1931, Arnold and his wife, Estelle Arnold, executed a deed of trust on six certain tracts of land situated in Sabine county to secure the payment of this note. When due, it was not paid, but Arnold on January 13, 1932, renewed same and this renewal note is the one upon which this suit is based.

On January 10, 1931, H. B. Arnold and his wife, Estelle Arnold, owned in common fourteen tracts or parcels of land situated in Sabine county. As stated, all this land was the community property of Arnold and wife. On that date, January 10, 1931, Arnold conveyed to his wife all said fourteen tracts of land. The consideration expressed in the deed was "the sum of Ten Dollars cash to me in hand paid by Mrs. Estelle Arnold, and the further consideration of the love and affection I have for my beloved wife, the said Mrs. Estelle Arnold, have given, granted, sold and conveyed," etc., and described the fourteen parcels or tracts of land. This deed was filed for record on March 17, 1931. Later, March 20, 1931, Arnold and wife executed the deed of trust covering six tracts of this land to secure the payment of Arnold's $3,000 note to the bank, as above stated. The fourteen tracts of land conveyed by Arnold to his wife was all the land owned by him except his homestead. Whether he had any other property is not shown by the record. At the time of this conveyance he owed the bank this $3,000 note now in suit. Whether he owed any other debts is not shown by the record.

Appellant's first assignment of error is that the court erred in overruling its general demurrer to appellees' answer in which they pleaded that the property upon which the deed of trust lien was sought to be foreclosed was the separate property of the wife, Mrs. Estelle Arnold, and not subject to the debts of her husband, was but the conclusion of the pleader, and not the statement of a fact. There is nothing in the record to show that the general demurrer was ever called to the attention of the court, or that the court ruled on the demurrer. In the absence of such showing of such ruling, the assignment cannot be considered. However, we think the pleading alleging that the land upon which the deed of trust lien was sought to be foreclosed was the separate property of Mrs. Arnold and not subject to the debts of her husband, nor liable for the payment of the note of her husband sued upon, was sufficient.

The second assignment complains that the court erred in admitting, over its objection, a deed dated January 10, 1931, from appellee H. B. Arnold to his wife, Estelle Arnold, conveying to her the land upon which foreclosure of the deed of trust lien was sought, because, it is insisted, the pleading of appellees was not sufficient to form a basis for proof that such deed made the land the separate property of Mrs. Arnold. We find no bill of exception in the record showing objection to the admission of the deed in evidence. Assignments of error based upon rulings of the court in the admission or rejection of evidence may not be considered unless it is shown that a bill of exception was preserved against the ruling. 3 Tex.Jur. p. 578, § 405. But, as above stated relative to the first assignment, we think the pleading sufficient to admit evidence to show the property was that of Mrs. Arnold.

The third and last assignment complains that the court erred in refusing appellant a foreclosure of the asserted deed of trust lien on the land. Appellant

has several propositions under this assignment urging error, and appellees reply with several counter propositions that no error is shown. We shall discuss the assignment generally. It is believed that the assignment should be overruled. The deed of January 10, 1931, from H. B. Arnold conveying the six tracts or parcels of land to his wife, recited a consideration of $10 cash, and love and affection for his wife. This made the deed one of gift, and made the property the separate property of Mrs. Arnold. Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027; Spears' Law of Marital Rights (3d Ed.) § 407, p. 493. It is insisted that the deed was void because at the time Arnold executed the deed he did not have left sufficient property to pay his note to appellant; that the property conveyed was community property, and the debt was a community debt; and that the admissions of Arnold showed him to have been insolvent. The insolvency of Arnold was not pleaded by appellant, nor was the deed alleged to have been fraudulently executed. But if such had been pleaded, the deed was not void, and could have been set aside and canceled, if at all, only by suit for that purpose brought within four years from its execution. Article 5529, R.S.1925. Chicago, T. & M. C. Railway v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39; Vodrie v. Tynan (Tex.Civ.App.) 57 S.W. 680; Gans v. Marx, 25 Tex.Civ.App. 497, 61 S.W. 527 (writ refused); Central Nat. Bank v. Barclay (Tex.Civ.App.) 254 S.W. 140. The deed was executed January 10, 1931. No action has been brought to annul it on any grounds, so the right to do so is barred by the four-year statute of limitation which was pleaded by appellees.

On March 20, 1931, H. B. Arnold owed appellant $3,000 in the form of a promissory note. On that date he executed a new note in renewal of the old note, and on said date he and his wife, Estelle Arnold, executed a deed of trust covering the land in question to secure the payment of the note. Thus it appears that appellant knew that Mrs. Arnold was the owner of the land, otherwise it would not have been necessary for her to have joined her husband in the execution of the deed of trust. Mrs. Arnold's land thus became a surety for the payment of the note, and occupied the status of any other surety. Red River Nat'l Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Adkins-Polk Co. v. Rhodes (Tex. Com.App.) 24 S.W.(2d) 351. When the note fell due it was not paid, but Arnold again renewed same by executing a note in said sum on January 13, 1932. It does not appear that Mrs. Arnold agreed to or had any knowledge of this renewal, and she did not consent to same. As she (in the form of her separate property) was only a surety on the note, this renewal note, or extension of time of payment without her knowledge or consent, had the same effect as it would have had had she been a personal surety on the note, that is released her from liability on the note—relieved her property from liability under the trust deed—and her property was free from the deed of trust lien, and so same was not subject to foreclosure. 39 Tex.Jur. p. 935, § 34; Spears' Law of Marital Rights (3d Ed.) § 184, pp. 248, 249.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.

COMBS, J., disqualified.