FIRST NATIONAL BANK IN HEMPHILL v. H. B. ARNOLD ET AL.

No. 7330. Decided June 7, 1939.
Rehearing overruled July 5, 1939.
(128 S. W., 2d Series, 1151.)

*J. R. Bogard,* of San Augustine, and *Minton & Minton,* of Hemphill, for plaintiff in error.

A deed from a debtor to his wife of property upon a recited consideration of $10 cash and love and affection is one of gift, and is void as to prior lien holding creditors, unless the donee of the gift discharged the burden of showing that at the time the deed was made the debtor had sufficient other property remaining to pay his then existing debts. Goolsby v. Manning, 270 S. W. 936; Maddox v. Summerlin, 92 Texas 483, 49 S. W. 1033; McCelvey v. McCelvey, 38 S. W. 473.

*W. F. Goodrich & L. E. King,* both of Hemphill, and *Synnott & Smith,* of Jasper, for defendants in error.

Notwithstanding the recitals of the consideration in the deed from H. B. Arnold to his wife of ten dollars and love and affection it was permissible to prove that the real consideration was to pay her for money advanced by her to him or to the community, and this proof being made it destroyed the effect of the recitation of a nominal consideration, and there was no proof that the deed was voluntary. Delano v. Delano, 203 S. W. 1145; Wofford v. Unger, 55 Texas 480; Emery v. Barfield, 156 S. W. 311.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted on April 16, 1936, by the plaintiff in error, First National Bank in Hemphill against the defendants in error, H. B. Arnold, and his wife, Estelle Arnold. The purpose of the suit is the recovery of judgment against Mr. Arnold for the balance due on a promissory note, executed by him to the plaintiff in error, for the principal sum of $3,000, on January 13, 1932, payable May 13, 1932. The foreclosure of a mortgage lien, on six tracts of land in Sabine County, as evidenced by a deed of trust executed by Mr. Arnold and his wife on March 20, 1931, to secure the payment of the debt evidenced by the note sued on, is sought as against both Mr. Arnold and Mrs. Arnold. The case was tried before the court, without a jury, resulting in a judgment against Mr. Arnold for the amount sued for, but denying a foreclosure of said lien. The bank appealed from said judgment in the respect that a foreclosure of said lien was denied, and the Court of Civil

Appeals affirmed the judgment of the trial court in all respects. 107 S. W. (2d) 737. The bank has been granted the writ of error.

There is no dispute as to the correctness of the trial court's judgment in the respect that it awards a recovery from Mr. Arnold of the balance due on the note. The sole subject of dispute is the lien which the bank seeks to foreclose. The material facts are undisputed. They are substantially as follows:

For some thirty years prior to the commencement of this suit Mr. Arnold and Mrs. Arnold were husband and wife. On March 19, 1930, Mr. Arnold owed the First National Bank *of* Hemphill the sum of $3000 which was due. On said date he executed his promissory note to said bank for said sum of $3000, payable four months after date. At the time said note was executed, Mr. Arnold executed a deed of trust covering the six tracts of land in question to secure the payment of said note. The six tracts of land constituted community property of Mr. Arnold and his wife. This deed of trust was duly recorded on March 20, 1930, and in the instrument the above mentioned note is fully described. When this note matured, Mr. Arnold executed a renewal note to said bank for the same amount, which fell due a short time prior to March 20, 1931. On March 20, 1931, he executed a renewal note for the same amount ($3000) to the plaintiff in error who, in the meantime had acquired the renewal note which Mr. Arnold had previously executed to the other bank namely, the First National Bank *of* Hemphill. The renewal note of March 20, 1931, fell due four months after date thereof, and at that time Mr. Arnold executed a renewal note to the plaintiff in error for the same amount, which note fell due January 13, 1932; and on the last mentioned date, Mr. Arnold executed a renewal note, which matured May 13, 1932. This is the note sued on in this case. As stated before, this suit was commenced on April 16, 1936—less than four years after this note matured.

In order to explain Mrs. Arnold's relation to the lien which constitutes the subject matter of this controversy, it becomes necessary to revert to the note for $3000 which Mr. Arnold originally executed on March 19, 1930, and to the deed of trust which he executed at that time. This deed of trust, as said, was duly recorded the next day. On January 10, 1931, Mr. Arnold deeded to Mrs. Arnold the six tracts of land in question, along with several other tracts. This conveyance was made to Mrs. Arnold for the purpose of reimbursing her for funds belonging to her separate estate which Mr. Arnold had expended several years before in conducting his general busi-

ness affairs. As heretofore stated, on March 20, 1931, Mr. Arnold executed a renewal note for said debt of $3000. At the time this renewal note was executed, Mr. and Mrs. Arnold executed a deed of trust to secure the payment of the note. The deed of trust covered the same six tracts of land which were covered by the deed of trust which Mr. Arnold had executed on March 19, 1930. After this transaction took place, Mr. Arnold executed successive renewal notes as heretofore stated. These renewal notes were made without the consent of Mrs. Arnold.

It is contended that the renewal by Mr. Arnold of the renewal note of March 20, 1931, did not operate to keep in force the lien securing same for the reason that the land upon which said lien existed belonged to Mrs. Arnold and, since she did not consent to a renewal of said note or to a renewal of the lien securing same, the said lien, by virtue of the provisions of Articles 5521, 5522 and 5523 of the Revised Statutes, ceased to exist four years after maturity of the said renewal note of March 20, 1931. This contention cannot be sustained. The deed of trust which Mr. Arnold executed on March 19, 1930, to secure the payment of said debt of $3000, was duly of record when the land covered by that instrument was conveyed by Mr. Arnold to Mrs. Arnold on January 10, 1931. In acquiring said land Mrs. Arnold took same charged with the lien evidenced by said deed of trust. The successive renewal notes executed by Mr. Arnold for the debt secured by said lien had effect to keep alive both the debt and the lien. Wilkinson v. First National Bank, 118 Texas 202, 13 S. W. (2d) 346. The deed of trust which was executed March 20, 1931, by Mr. and Mrs. Arnold, did not create a new lien on the six tracts of land. The lien which the terms of this deed of trust import is the same lien which came into existence a year before, and, since the debt secured by said lien was not barred by limitation when this suit was commenced, said lien still existed.

For the reasons shown, the trial court erred in refusing to foreclose said lien as sought by the plaintiff in error. Because of this error, the judgment of the trial court in the respect that a foreclosure of said lien is denied, and that of the Court of Civil Appeals affirming the judgment of the trial court in this respect, are both reversed, and the cause is remanded to the trial court with instructions to foreclose said lien. In all other respects the judgment of the trial court and that of the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court June 7, 1939.

Rehearing overruled July 5, 1939.