**Harold BABB et al., Appellants,**

**v.**

**Ronnie Lee McGEE et ux., Appellees.**

**No. 18247.**

Court of Civil Appeals of Texas, Dallas.

Feb. 14, 1974.

Rehearing Denied Feb. 28, 1974.

Albert E. Andres, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

Edward J. Drake, Brady, Drake & Wilson, Dallas, for appellees.

BATEMAN, Justice.

This trespass to try title suit was filed by the appellants as children and heirs of Anderson C. Babb, deceased, against the appellees Ronnie Lee McGee and Martha Sue McGee, who had purchased the property from Babb's widow. The facts were stipulated and the trial court, sitting without a jury, rendered judgment that the plaintiffs take nothing and that the defendants have judgment on their counterclaim quieting their title. We affirm.

Our question is whether a deed by a husband to his wife during coverture conveying their community homestead to the wife, reciting a consideration of "Ten Dollars ($10.00) and love and affections," constitutes the land her separate property or whether it remains community.

The property was conveyed to Anderson C. Babb and his wife Mary Elizabeth Babb on October 9, 1947. Nine days later, on October 18, 1947, Anderson C. Babb conveyed the property to Mary Elizabeth Babb, by deed reciting a consideration of "Ten Dollars ($10.00) and love and affections." At that time the land was subject to a deed of trust lien securing the balance of a note given in part payment for the property and this lien was subsequently released on August 20, 1963. The Babbs occupied the property as their homestead until the death of Anderson C. Babb in 1970.

On or about August 5, 1971, Mary Elizabeth Babb, also known as Lizzie Butler Babb, conveyed the property to the appellees, who were without actual notice of the claims of appellants.

The trial court concluded that the property became the separate property of Mary Elizabeth Babb by virtue of the gift of same to her by her husband; that he intended it to be a gift of his community half of future payments in the discharge of the mortgage placed on the premises on October 9, 1947; that the character of the property as the separate estate of Mary Elizabeth Babb continued without change, and did not become community property by virtue of the discharge of the mortgage out of community funds, and was her separate property at the time of her conveyance to appellees.

The appellants assail these findings, conclusions and the judgment on the ground that the property was community and that upon the death of Anderson C. Babb, his five children inherited his one-half interest.

The appellants argue that the recitation of a consideration which includes the phrase "Ten Dollars ($10.00)" negates the idea that the deed was a gift from husband to wife and indicates an intention to sell his interest to her. The determination of this question depends on the intention of the parties as determined from surrounding facts and circumstances including the recitations in the deed itself, for, as held in Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565 (1961), where an *inter vivos* transfer is made by one spouse to the other the separate or community character of the property is determined by looking to the consideration given for it. In our case the deed contains no such phrase as "in consideration of the premises and one Dollar cash," as in Scaling v. Beggs, 334 S.W.2d 209, 212 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.), or "in consideration of ten dollars and other valuable considerations." If it had, a different question would be presented, for then inquiry could properly be made into the value of "the premises" or "other valuable consider-

ations." Here, however, the only tangible or legally valuable consideration recited for a conveyance of real property valued at several thousand dollars is ten dollars. From this recitation, and the recitation of the further consideration of "love and affections," and all surrounding facts and circumstances, the trial court was authorized to find, as it evidently did, that the transfer was intended as a gift. *See* Kitchens v. Kitchens, 372 S.W.2d 249, 256 (Tex.Civ.App.—Waco 1963, writ dism'd).

In First Nat'l Bank in Hemphill v. Arnold, 107 S.W.2d 737, 739 (Tex.Civ.App.—Beaumont 1937, reversed on other grounds, 133 Tex. 462, 128 S.W.2d 1151), the property being community of one Arnold and wife, was conveyed by Arnold to his wife, the deed reciting a consideration in language almost identical to that used in the Babb deed. The court, after describing the recital in the deed, said:

> This made the deed one of gift, and made the property the separate property of Mrs. Arnold.

*See also* Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027 (1890), and McAdams v. Ogletree, 348 S.W.2d 75, 84 (Tex.Civ.App.—Beaumont 1961, writ ref'd n. r. e.).

■ Appellants also contend that, since the property was subject to a deed of trust lien at the time the deed in question was given, neither Babb nor the community estate was the legal owner and hence Babb did not have the power to make the gift. This view is based on certain language in Austin v. Austin, 174 S.W.2d 1010, 1014 (Tex.Civ.App.—Galveston 1943, affirmed, 143 Tex. 29, 182 S.W.2d 355), to the effect that

> . . . . a deed of conveyance in which the vendor retains a vendor's lien to secure the payment of the purchase price is but a contract for the purchase

of land, and that no title passes thereunder.

■ The phrase "no title passes thereunder" was lifted by appellants out of context from the opinion which, when carefully analyzed, makes it clear that the true holding was that the vendor, having the *superior* title, could rescind the contract, but only upon default by the vendee in the payment of the purchase price. The rule applicable here is that a purchaser of land who has a deed conveying the title to him, even though subject to a vendor's lien, and even though the holder of the vendor's lien has the superior title, does have an equitable title which will ripen into the legal title upon payment in full of the purchase price. In the meantime the purchaser has title as against everyone but his vendor and may convey that title without restraint except that his vendee takes subject to the vendor's lien. A reserved vendor's lien, being essentially a mortgage coupled with a power of rescision on default, operates only as security for payment of the purchase price. Johnson v. Smith, 115 Tex. 193, 280 S.W. 158 (1926); Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146 (1941); Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54, 55 (1894); 58 Tex.Jur.2d Vendor and Purchaser § 330, at 573 (1964)

■ It is also argued that by virtue of the discharge of the mortgage with community funds the character of the property as separate estate of the wife was changed to community. There is no merit in this argument. Such payment would, at most, give the community estate a claim against Mary Elizabeth Babb or her estate for reimbursement. It would not be a claim against appellees or affect their title to the property. Bazile v. Bazile, 465 S.W.2d 181, 182 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd).

All points of error are overruled and the judgment is affirmed.