FIRST NATIONAL BANK IN CANYON ET AL
v. J. B. GAMBLE, ADMINISTRATOR.

No. 7296. Decided October 18, 1939.
Rehearing overruled November 22, 1939.
(132 S. W., 2d Series, 100.)

*H. H. Cooper*, of Amarillo, for plaintiffs in error.

Since the adoption of Article 5520, which provisions were adopted in 1913 and brought forward in the statutes, the policy of the State has been to segregate the lien from the debt and to preclude the foreclosure of a lien four years after the maturity of the debt which it was given to secure unless such lien was renewed in the manner provided by the statute, and the renewal of the debt by implication, as provided by Article 5539, could not and did not renew the lien. Hoya v. Self, 245 S. W. 424; Wilkinson v. First National Bank, 13 S. W. (2d) 346.

*Sanders & Scott, Howard F. Saunders* and *A. P. Smith,* all of Amarillo, for defendant in error.

The Court of Civil Appeals correctly held that the acknowledgement of the justness of the indebtedness sued upon extended the deed of trust lien as between the defendant in error and the Canyon Loan Company, since the lien was an incident of the debt. Elsby v. Luns, 15 S. W. (2d) 604; City of Brownwood v. Brown Telegraph & Tel. Co., 157 S. W. 1163.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit is by defendant in error J. B. Gamble, as administrator of the estate of Tom Davies deceased, against Canyon Loan Company and First National Bank in Canyon, plaintiffs in error, for the recovery of the principal, interest and attorney's fees due on a promissory note in the principal sum of $10,000.00, executed by Canyon Loan Company, payable to Tom Davies, dated February 6, 1929, and due on or before one year after date, and for foreclosure of a deed of trust lien on a lot in Canyon City. Judgment of the district court, following instructed verdict, in favor of defendant in error against both plaintiffs in error was affirmed by the Court of Civil Appeals. 105 S. W. (2d) 272.

The principal question presented as between defendant in error and plaintiff in error Canyon Loan Company is whether there has been an acknowledgement in writing sufficient, under Article 5539 of the Revised Civil Statutes of 1925, to toll the statute of limitations. The controversy between defendant in error and plaintiff in error First National Bank in Canyon is as to priority of liens, the bank taking the position that it has a deed of trust on the property superior to defendant in error's lien, because at the time it acquired its lien the note sued upon by defendant in error was more than four years past due and

there had been no extension of the lien securing defendant in error's note in accordance with Article 5520 (as amended in 1931) and Article 5522 of the Revised Civil Statutes of 1925.

The deed of trust securing the note for $10,000.00 payable to Tom Davies was never filed for record, but was kept with the note in Davies' safety deposit box in First National Bank of Canyon, which later became First National Bank in Canyon. From its beginning Canyon Loan Company had very little business and such business as it had was conducted by Oscar Hunt, its president, O. W. H. Cook, its first secretary-treasurer, and W. C. Black, who succeeded Cook as secretary-treasurer. Hunt was at the same time vice-president and director of First National Bank of Canyon and later of First National Bank in Canyon, while Cook, and thereafter Black in his place, was cashier and director of the bank during the time he was secretary-treasurer of the loan company. The loan company's business was conducted in the bank's place of business by its officers above named, who were at the same time officers and directors of the bank.

Tom Davies, although skilled in handling cattle, was illiterate, and Cook, during the time that he was cashier of the bank and secretary-treasurer of the loan company, attended to all of Davies' business transactions and prepared papers for him when he made a loan. All of Davies' papers were kept in a safety deposit box in the bank and Cook at all times had access to the box. In the same way Black, after succeeding Cook as cashier of the bank and secretary-treasurer of the loan company, assisted Davies in his business affairs and in the preparation and care of his papers, keeping Davies' key to the safety deposit box in a drawer in his (Black's) desk in the bank.

The $10,000.00 note owed by the Canyon Loan Company to Davies and which represented money loaned to it by Davies bore interest at 7 per cent payable semi-annually. Davies made no request for payment of the principal after it became due but came into the bank every six months and asked for payment of the interest. It was paid to him by checks of the loan company on First National Bank of Canyon and later on First National Bank in Canyon, which checks were drawn and signed by Black at the direction of Hunt. Each of the checks was for $350.00 and several of them bore on the face the notation "Int." or "Int. on note." The last of these checks was in the sum of $350.00, dated September 21, 1934, payable to the order of Tom Davies, signed Canyon Loan Company by W. C. Black

and bore the notation "Int. on note," which was made by Black at the time he wrote the check.

■ It is our opinion that the Court of Civil Appeals correctly held the check last above described to be a written acknowledgement of the debt owed by the loan company to Davies, sufficient under the provisions of Article 5539 to take defendant in error's suit out of the operation of the statute of limitations. The check is a written instrument signed Canyon Loan Company, the debtor, by W. C. Black, its secretary-treasurer, under directions from Oscar Hunt, its president. The check was executed in payment to Davies of the semi-annual interest due on the note by the loan company to Davies. The notation on the face of the check "Int. on note" means, according to the testimony of Oscar Hunt, president of the loan company and the testimony of Black, its secretary-treasurer, who drew the check and made the notation, that the check was drawn and delivered in payment of interest on the $10,000.00 note. The written statement made by the notation on the face of the check, that the payment of the interest is being made on the note, is an acknowledgment in writing of the existence of the debt evidenced by the note and from this acknowledgment, in the absence of anything to the contrary in writing, the law implies a promise to pay. According to the uncontradicted evidence, the notation on the check refers to the note sued upon. The following authorities support the conclusion that the check, bearing the notation "Int. on note," when considered in connection with the evidence identifying the note referred to, is an acknowledgment in writing sufficient to constitute compliance with Article 5539; Stein v. Hamman, 118 Texas 16, 6 S. W. (2d) 352, 9 S. W. (2d) 1104; Howard & Hume v. Windom, 86 Texas 560, 566, 26 S. W. 483; Cotulla v. Urbahn, 104 Texas 208, 216-218, 135 S. W. 1159, 34 L. R. A., N. S. 345, Am. Cas. 1914B 217; Elsby v. Luna (Com. App.) 15 S. W. (2d) 604; Beeler v. Harbour, 116 S. W. (2d) 927 (application for writ of error refused) ; Cherry v. Corban, 119 S. W. (2d) 111.

In Stein v. Hamman, supra, Stein, being indebted to Davis & Company, bankers, in the sum of $46,229.00 due upon certain overdrafts with that company, which overdrafts as such were barred by the statutes of limitations, delivered to the company a promissory note executed by C. H. Brown payable to himself in the sum of $235.00, and endorsed on the Brown note, and signed such endorsement, the following: "As collateral to secure my overdrafts to J. H. P. Davis & Company." It was held that the endorsement signed by the debtor

was a recognition of his indebtedness to the bank for the overdrafts and, when considered with the parol evidence identifying the overdrafts referred to, was sufficient to meet the requirements of the statute. The opinion, written by Judge Speer, Commissioner, was adopted by the Supreme Court. The substance of the written acknowledgement held sufficient in that case was that the note was given as collateral to secure the debt arising from the overdrafts. In the instant case the substance of the written acknowledgement is that the check is given to Davies in payment of interest on the loan company's debt evidence by a note.

■ The new promise evidenced by the check, which had the effect of renewing or extending the note, also, as between the parties, extended the lien securing the note, although no written agreement of extension was made in the manner prescribed by Articles 5520 (as amended in 1931) and 5522 of the Revised Civil Statutes. To quote from the opinion written by Judge Speer in Farmers' Life Insurance Company v. Wolters, (Com. App.) 10 S. W. (2d) 698, 704: "As between the parties, the lien being an incident to the debt and the debt having been by them extended, the lien was by implication of law likewise extended." See also Jolly v. Fidelity Union Trust Company, 118 Texas 58, 298 S. W. 530, 10 S. W. (2d) 539; Wilkinson v. First National Bank, 118 Texas 202, 13 S. W. (2d) 346; First National Bank in Hemphill v. Arnold, 133 Texas 462, 128 S. W. (2d) 1151; Beeler v. Harbour, 116 S. W. (2d) 927 (application for writ of error refused); Cherry v. Corban, 119 S. W. (2d) 111.

First National Bank in Canyon contends that by reason of the provisions of Articles 5520 (as amended in 1931) and 5522 the deed of trust lien securing a note in the principal sum of $5,000.00 given it by Canyon Loan Company is superior to the lien securing the Tom Davies note upon which defendant in error sued. First National Bank of Canyon held the unsecured note of Canyon Loan Company for $5,000 executed in 1929 at about the time the $10,000 loan was made to Tom Davies. When First National Bank in Canyon was organized in 1934 and succeeded to the business and property of First National Bank of Canyon, it acquired among other assets of the last named bank, the $5,000 note executed by the loan company. The note for $10,000 held by Tom Davies became due February 6, 1930, and no agreement extending the lien in accordance with the requirements of Articles 5520 (as amended in 1931) and 5522 was ever executed. On October 26, 1934, Canyon

Loan Company, acting by its president Oscar Hunt, executed and delivered to First National Bank in Canyon a note for $5,000, given in renewal of the note in like amount which had been acquired from First National Bank of Canyon. Thereafter, on December 10, 1934, Canyon Loan Company, acting through Hunt and W. C. Black, its secretary-treasurer, executed a deed of trust conveying the property in controversy, together with other property, to a trustee to secure the payment of the renewal note.

■ As is apparent from the facts stated, the exact question presented for decision, in the controversy between the bank and defendant in error, is whether the agreement evidenced by the check given by the loan company to Davies, though effective as between Davies and the loan company to renew the note and extend the lien, is void as to the junior lienholder, First National Bank in Canyon. Article 5520 as amended provides in substance that upon the expiration of four years from the date of maturity of a note secured by deed of trust payment of the note shall be conslusively presumed to have been made and the lien shall cease to exist, unless it is extended by agreement in writing made by the party or parties primarily liable for the payment of the indebtedness and filed and recorded. Article 5522, following a statement that the date of maturity, shown in the deed of trust or in the recorded renewal or extension of the same, shall be conclusive evidence of the date of the maturity of the indebtedness, contains the following: "Provided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing the debt and lien, so long as it does not prejudice the rights of lienholders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this act."

These articles of the statutes, and particularly the proviso above quoted from Article 5522, were given careful analysis and construction by Judge Harvey in the opinion in Wilkinson v. First National Bank, 118 Texas 202, 13 S. W. (2d) 346. It was there held that the quoted clause was an exception to the general rule of the statute, to the effect that the lien should be extinguished at the expiration of four years after the maturity date of the debt, which exception gave to the owner of the land authority to make valid agreements for renewal or extension of the debt and lien independently of the statute and in disregard of its requirements. It was further held that "the sole prescribed limitation of the validity and legal effect of his (the landowner's or mortgagor's) agreements in this

respect has exclusive reference to those who purchase the mortgaged premises, or who acquire liens thereon, more than four years after the maturity date shown in the mortgage and while there appears of record no extension agreement, duly executed in conformity to the requirements of these statutes, showing the mortgage lien still to be subsisting."

This construction of the statutes has been followed in later decisions holding that Articles 5520 and 5522 are intended for the protection of third persons who acquire liens on or purchase the mortgaged property more than four years after the maturity date of the debt, as shown in the mortgage or as shown by a duly executed and recorded extension agreement. Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079, 115 A. L. R. 329; Yates v. Darby 133 Texas 593, 131 S. W. (2d) 95.

■ The bank's lien was acquired at a time when the Tom Davies note was more than four years past due and there was no extension agreement of record. Defendant in error takes the position, however, that the bank is not protected by the statute against the enforcement of the lien securing the Davies note, because at the time the deed of trust to secure the bank's note was executed the bank had notice of the unrecorded agreement between the loan company and Davies extending the Davies note and lien. In other words, he insists that the statute, Article 5522, does not protect a junior lienholder who acquires his lien with knowledge or notice of an unrecorded agreement extending the prior lien. We need not determine, and do not determine, whether the statute should be so construed. It is our opinion that, because of the peculiar facts of this case and without reference to the question of notice First National Bank in Canyon is not to be classified or considered, in relation to the agreement extending the Tom Davies note and lien, as a third person acquiring a junior lien.

■ Enough of the facts has been set out to suggest the basis of the conclusion last stated. It is the rule that the legal fiction of corporate entity may be disregarded where the fiction is used as a means of perpetrating fraud or is relied upon to justify wrong. We shall not discuss the rule, believing it sufficient to cite the following authorities in which it is announced and explained, and to observe that this rule is an exception to the general rule which forbids disregarding corporate existence or entity and is not to be applied unless it is made to appear that there is such unity that the separateness of the corporation has ceased and "the facts are such that an adherence

to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." Pacific American Gas Company of Texas v. Miller, 76 S. W. (2d) 833, 851, (application for writ of error refused) ; Metropolitan Holding Company v. Snyder (U. S. C. C. A.) 79 Fed. (2d) 262, 103 A. L. R. 912, 918; D. N. & E. Walter Company v. Zuckerman, 214 Cal. 418, 6 Pac. (2d) 251, 79 A. L. R. 329; Note 1 A. L. R. 610 and following. Note 34 A. L. R. 597-602.

The record shows that Canyon Loan Company is little more than a corporation merely in name, created for the benefit or convenience of the bank and managed and controlled by those who manage and control the bank. The loan company was incorporated in the year 1928 in order that First National Bank of Canyon might transfer to it real estate and notes that the bank examiner required to be taken out of the bank. From the beginning the loan company had very little business. At the time of the trial of this case there had been no meeting of the stockholders of the company for four or five years, and during that period the company had no business and those who looked after it were "just keeping it together." The loan company was always conducted in the bank's place of business but no certain part of the bank's quarters was set apart to it.

Oscar Hunt, a director, a member of the loan committee and vice-president of First National Bank of Canyon, became president of Canyon Loan Company upon its organization and has held such position continuously. O. W. H. Cook, cashier and director of the bank, was made secretary-treasurer of Canyon Loan Company and held the office until 1929, when he was succeeded by W. C. Black, the cashier and a director of the bank. When First National Bank in Canyon was organized in 1934 and succeeded to the business and acquired the assets of First National Bank of Canyon, those who were officers of the former bank became the officers of the new bank except that two others were added who came from First State Bank, which was merged with the newly organized bank. At all times since the incorporation of Canyon Loan Company its directors, or the great majority of them, have been the directors of First National Bank of Canyon, later of First National Bank in Canyon. Oscar Hunt, president of the loan company, testified that the company had a minute book in which minutes were kept of the few meetings that it had and stated that he would produce the book if he and W. C. Black, the secretary-treasurer of the company, could find it. Later Black testified that he had searched for the minute book and could not find it, that he

could not produce it because "I don't know where it is if there is one; I don't know what became of it."

Acting under authority of the board of directors Oscar Hunt, as president of the loan company, executed on February 6, 1929, the $10,000 note given by that company to Tom Davies and the deed of trust securing the note, which was attested by O. W. H. Cook as secretary-treasurer of the company. The deed of trust to secure the bank's lien was executed by Oscar Hunt as president of the loan company and attested by Black as secretary-treasurer on December 10, 1934. This was after Davies had become insane and a few weeks before his death. As has been stated, it was Black who, at the direction of Hunt, executed the check to Davies in payment of annual interest on September 21, 1934, which had the effect of extending the Davies note, then more than four years past due.

When all these things were being done Hunt was at the same time vice-president and director of the bank and president of the loan company, and Black was at the same time cashier of the bank and secretary-treasurer of the loan company. Davies, illiterate and in failing health, left his note and deed of trust unrecorded in his safety deposit box in the bank, the key to which was kept in a drawer in Black's desk. Up to the time he became insane Davies relied upon Black to assist him in relation to his papers and business transactions. Black wrote notes and checks for Davies, helped him to make calculations, and in general looked after his business for him. Black testified: "There was no other officer or employee of the bank during that time from February 6, 1929, up until Mr. Davies' death that had any more control of or handled any more of his business affairs in the First National Bank than I did; I handled practically all of them; he would sit and wait."

Extended comment upon the foregoing facts is unnecessary. Hunt and Black, while serving as officers both of the bank and of the loan company and when Davies, an illiterate man in failing health, was entrusting his business affairs to those in control of the bank and the loan company, and particularly to Black, sat by and permitted the loan company's note to Davies to become more than four years past due without formal extension of the lien and then, after Davies had lost his health and his mind, executed as officers of the loan company for the benefit of the bank, another deed of trust upon the property by which Davies' note was secured. In this suit brought by the administrator of Davies' estate for recovery on the Davies' note and foreclosure of the lien securing it, the loan company

pleads limitation and the bank invokes Article 5522 to give its lien priority over the lien securing the Davies note.

The bank and the loan company, as shown by the undisputed evidence, most of which is the testimony of their officers, are separate entities not in fact but only by legal fiction. The peculiar facts are such that adherence to the fiction would promote injustice and lead to a most inequitable result. When the legal fiction is disregarded, as in our opinion it should be, the bank is not a third party acquiring a junior lien within the meaning of Article 5522, and the agreement extending the Davies note and lien, though not made in the manner required by Article 5522, is not void as to the bank.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court October 18, 1939.

Rehearing overruled November 22, 1939.