**BERGMAN DRIVE-IN, Inc., et al. v. HOUSTON SASH & DOOR CO.**

No. 12428.

Court of Civil Appeals of Texas. Galveston.

March 12, 1953.

Rehearing Denied April 16, 1953.

Howard Hendrix, Al L. Crystal, Houston, for appellants.

Harry W. Freeman, Louis Goldfaden, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $5,094 judgment of the 129th District Court of Harris County, Hon. Dan W. Jackson, Judge, presiding, with a jury, entered in part upon the jury's answer to one special issue submitted, and in part upon other independent findings of fact by the court itself from the evidence, in favor of the appellee against the appellants, Bergman Drive-In, Inc., and Walter Bergman.

The judgment so rendered was founded upon a $4,300 note (on which a payment of $300 had been credited) against the appellants Bergman Drive-In, Inc., as maker, and Walter Bergman, as an individual endorser, upon such note.

The one issue submitted to the jury, together with its answer thereto, was this:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the note for $4300.00 was signed by Walter Bergman after it was filled out on the typewriter, as now appears thereon, or was signed before it was filled out on the typewriter?

   *    *    *    *    *    *

"Answer: It was signed after it was filled out."

As indicated, in addition to such finding of the jury, the trial court thus stated its independent findings of fact, to which it appended its conclusions of law:

"1. That defendant Bergman Drive-In, Inc., was organized for the sole purpose of procuring a loan from Citizens State Bank to enable Walter Bergman, individually, to pay his debts, including the indebtedness at such time owing by him to plaintiff, Houston Sash & Door Company.

"2. That all the capital stock of defendant corporation was paid for by the conveyance to it of the land and personal property described in the affidavit accompanying the charter, as well as in the deed of conveyance by Walter Bergman and wife to defendant corporation, and fully set forth in the written statement hereinafter mentioned.

"3. That all of the capital stock of defendant corporation (except one share held by his attorney, Howard Hendrix) was either owned, or controlled, by Walter Bergman and members of his family.

"4. That Walter Bergman was the president of defendant corporation, and, under the circumstances of this case, was not subject to the control of the board of directors.

"5. That M. C. Davidson, president of plaintiff corporation, relied upon the representations and promises set forth in the written statement dated December 15, 1947, signed by defendant Walter Bergman, in addition to the undisputed testimony of M. C. Davidson, generally, to the same effect, as set forth in said instrument; that he was thereby induced to refrain from taking legal action against defendants at such time, and subsequently accepted the note sued on herein as a result of such reliance.

"Consequently, the Court concludes:

"1. That Bergman Drive-In, Inc., was, under all the facts and circumstances of this case, merely the alter ego of defendant, Walter Bergman.

"2. That defendant Walter Bergman was legally authorized to execute and deliver the note sued on herein.

"3. That defendants are estopped to deny such authority."

As against the record so showing, the appellants in this court—i.e., Bergman Drive-In, Inc., a corporation, and Walter Bergman, an individual—present some 24 points of claimed error, the implications of which they argue at great length in many pages of original and supplemental briefs.

This court, however, after its painstaking consideration of the cause, following the presentment of briefs for both sides and the oral arguments thereon, is constrained to hold that the trial court committed no error, and that its determination of the controversy should be sustained on this appeal.

On the threshold, it may be recited that the stated conclusion rests at base upon the indisputable fact so in effect stated by the trial court in its quoted findings, to wit: the individual appellant, Bergman, as a sole trader, incorporated his assets by conveying them to this corporation when he set it up originally, in payment of its entire capital stock, in return for which the corporation assumed and agreed to pay his debts; the officers of the bank, with which he made that arrangement, not only so testified, but they made it clear that the bank would not lend him any money for such purpose, unless he did that; after such loan was made, and after such appellant had paid others of his creditors what he owed them, he induced his principal creditor the appellee herein, to accept the note of such corporation herein sued upon and signed by himself as president of the corporation, for its debt.

Among other defenses to the appellee's suit for recovery upon the note, appellants alleged that it had been signed by Walter Bergman individually, but that the appellee, through its officers or agents, had altered the note by writing over the individual signature of Walter Bergman the words, "Bergman Drive-In, Inc.", and the word "Pres.", under such signature.

This situation clarifies the trial court's action in submitting only the one special issue to the jury, as well as the latter's answer thereto, as quoted supra. Not only so, but it likewise makes perfectly plain the trial court's quoted conclusions of law to the effect that this appellant corporation was, in its essence, nothing but a cat's-paw for the individual appellant; wherefore, as the trial court recited in its 5th finding, the appellee was induced to refrain from taking legal action against the appellants upon its debt originally, and to subsequently accept the note it herein sued upon, as a result of its reliance upon the appellants.

■ The first conclusion-of-law—that Bergman Drive-In, Inc., was, under the facts and circumstances of this case, merely the *alter ego* of appellant Walter Bergman —is supported by the following authorities: 10 Tex.Jur. p. 648; Gamer Paper Co. v. Tuscany, Tex.Civ.App., 264 S.W. 132 (error dismissed); Bush v. Gaffney, Tex.Civ. App., 84 S.W.2d 759; Landa v. Whitfield, Tex.Civ.App., 131 S.W.2d 310 (error refused); First Nat'l Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265.

The second conclusion-of-law—that appellant Walter Bergman was legally authorized to execute and deliver the note sued on herein—is likewise upheld by these authorities: 10 Tex.Jur. 1005; Knox City Milling Co. v. Warren, Tex.Civ.App., 141 S.W. 1007 (error refused).

■ It follows, as night the day, that appellants were estopped to deny such authority.

It is deemed unnecessary to pursue this discussion further, as appellants' legal conclusions follow upon asserted facts that the trial court determined the other way; wherefore, such authorities as the very recent holding of the Supreme Court of Texas, in Citizens Bridge Co. v. Guerra, Tex. Sup., 258 S.W.2d 64, have no application whatever to a cause so dissimilar on the facts as the cause at bar was from this Guerra case. That cause had to do with a bona fide corporation, to which the well-settled principles of corporation law were properly applied; whereas, in this instance, this pseudo-corporation was merely the individual appellant, operating through its nominal structure.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.