**Alan D. WHATLEY, Appellant,**

v.

**CROWN SASH & DOOR, INC., Appellee.**
**No. 4718.**

Court of Civil Appeals of Texas,
Eastland.

Sept. 20, 1974.

Rehearing Denied Oct. 11, 1974.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Terence J. Murphy (Crocker & Murphy), Dallas, for appellee.

WALTER, Justice.

Crown Sash & Door, Inc. recovered a judgment against Alan D. Whatley, H & D Construction, Inc., and Uticor Corporation on a sworn account and Whatley has appealed.

Crown filed suit against the three defendants on a sworn account under Rule 185, Texas Rules of Civil Procedure. It also alleged that Alan D. Whatley was liable as a guarantor and that he used the two defendant corporations as his alter egos and as devices to avoid personal liability.

Whatley filed a verified denial for himself individually and as Vice President of H & D Construction and as President of Uticor, as provided for in Rule 185. However, when testifying Whatley said, in effect, that he had no personal knowledge of some of the matters which he denied in his verified answer. He could not say that the merchandise described in Crown's verified

account was not ordered, received and used by the two corporations. His written verified denial was impeached by his testimony which showed he was not qualified to make the affidavit. Whatley also denied that he was liable in the capacity in which he was sued.

Whatley signed the guaranty agreement for Uticor Corporation on July 26, 1971 and the one for H & D on August 2, 1971.

Thereafter on September 29, 1971 the corporations wrote the following letter to Crown:

"September 20, 1971

Gentlemen:

We regret that due to some unauthorized purchases from your company, it has become necessary for us to institute a new procedure before material can be obtained for any open account chargable to H & D Construction, Inc., Home Engineering, Inc., or Uticor Corporation.

In the future it will be necessary for any requests for material or supplies from your company to be accompanied by a written purchase order signed by Alan D. Whatley.

We appreciate the fine cooperation your company has given us in the past and trust this will not inconvenience you in any way.

Sincerely,

Alan D. Whatley, President"

We find some evidence to support the following findings of fact:

"(1) All items contained in all invoices in evidence were ordered and received by either H & D Construction, Inc. or Uticor Corporation.

(2) There was sufficient evidence to prove all elements of the verified account."

■ It will be observed that Whatley's letter does not refer to nor mention the guaranty agreement. We find some evidence to support the court's finding that Whatley's letter did not constitute a revocation of his guaranty. We find the following in 38 C.J.S. Guaranty § 36, p. 1175:

"In order to revoke a guaranty, where revocation can be made, the language employed for that purpose should be clear and explicit, and whether there has been a revocation depends on the facts of the particular case."

Crown pleaded that Whatley was individually liable for the corporations' debts because he used the corporations as: "alter egos and as devices to avoid personal liability after expressly inducing Plaintiff to do business with him because he would be personally liable."

■ In Sayers v. Navillus Oil Co. et al, 41 S.W.2d 506 (Tex.Civ.App.—Amarillo 1931, writ ref.), the jury found that Navillus Oil Company was incorporated to carry on the individual business of Sullivan in an attempt on his part to avoid personal liability in the development of some mineral rights in which he had an interest. The court denied a recovery against Sullivan individually and held, in effect, that even though Sullivan had incorporated for the purpose of avoiding personal liability this would not establish liability against him individually. In McDonald & Company v. Kemper, 386 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1965, no writ), the court said:

"The legal fiction of corporate entity may be disregarded where the fiction is used as a means of perpetrating fraud or is relied upon to justify wrong. First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265 (1939); Continental Supply Co. v. Forrest E. Gilmore Co., 55 S.W.2d 622 (Amarillo Civ.App., 1932, dism.)."

We find no pleadings or evidence of fraud in the present case.

We hold there was no evidence of probative force that the two corporations were the alter egos of Whatley.

■ We sustain appellant's point that the court erred in awarding attorney's fees against Whatley because the guaranties did not provide for attorney's fees. In Blume v. National Homes Corporation, 441 S.W. 2d 176 (Tex.Sup.1969), the court said:

"We turn now to the question as to whether or not the Courts below erred in allowing National a recovery of attorney's fees. Neither the 'Dealer Sales Agreement' nor the 'Guaranty Agreement' contains an agreement that the Blumes should be liable for attorney's fees. It is well settled that signers of Guaranty Agreements are not liable for attorney's fees incurred in suits to enforce such guaranty agreements in the absence of an express provision for such liability. Miller v. Bush, 42 S.W.2d 156 (Tex.Civ.App.1931, writ ref'd.)."

The judgment is reformed by deleting the recovery of attorney's fees against Whatley and as reformed is affirmed.