ROADSIDE STATIONS, INC., Appellant,

v.

7HBF, LTD., and Nu–Way Distributing
Company, Appellees.

No. 2–94–012–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 10, 1995.

Opinion Reforming Judgment After
Remittitur Aug. 17, 1995.

Kerr, Weaver, Parker & Kerr, P.C., and Elizabeth Sturdivant Kerr, Fort Worth, for appellant.

Hill, Gilstrap, Moorhead, White, Bodoin & Webster, and Frank Gilstrap and Kerry David McLain, Arlington, for appellees.

Before CAYCE, C.J., and LATIMORE and RICHARDS, JJ.

## OPINION ON REHEARING

RICHARDS, Justice.

We grant Roadside Stations, Inc.'s motion for rehearing from our opinion of December 15, 1994. We withdraw our prior opinion and judgment and substitute this opinion and judgment in its place. Roadside Stations, Inc. (Roadside) appeals from a summary judgment granted in favor of 7HBF, Ltd. (7HBF) and Nu–Way Distributing Co. (Nu–Way) on appellees' cross-action for debt. The trial court awarded a judgment in the amount of $1,266,525.42 plus postjudgment interest. In seven separate points of error, Roadside argues trial court erred in granting summary judgment for appellees. We agree the summary judgment damage award was improper and reverse and remand the judgment of the trial court as to damages, but affirm the remainder of the judgment.

## FACTUAL BACKGROUND

The appellees filed a cross-motion for summary judgment, contending the amount due Nu–Way from Roadside was not in dispute, only whether the debt was barred by limitation, and that, as a matter of law, its action upon the debt was not barred. Their motion included an affidavit by Donna Cottongame, the corporate secretary for Nu–Way, to the effect that the present outstanding balance owed by Roadside to Nu–Way is at least $1,266,525.42.

In its motion for summary judgment, the appellees contended their claim was not barred by the statute of limitations because it was brought within four years of the date that Roadside had paid Nu–Way the interest on the underlying debt by check, thereby acknowledging the indebtedness in writing. Additionally, the appellees claimed that three directors of Nu–Way Inc. and Nu–Way Distributing Co. entered into a contract in 1989, agreeing to toll limitations on all causes of action between companies controlled in whole or in part by them for a period of one year. They assert that, because the parties in the suit were all controlled by the three individuals, the statute of limitations was tolled for one year, therefore not barring the appellees' claim against Roadside.

In its response, Roadside referred to the forgiveness of certain debts owed to Nu–Way by others, and argued that this created an issue of fact as to whether the claim was barred by the statute of limitations. As to the tolling agreement, Roadside responded the appellees were not parties to the agreement, or alternatively, if they were, they had materially breached the agreement, so the one-year moratorium was not applicable. Roadside further asserted in its response that its check in payment of interest did not constitute a sufficient acknowledgment. Roadside argued the check was no more than a partial payment, which neither interrupts the running of the statute of limitations nor acknowledges the justness of the debt with an implicit promise to pay.

Roadside also indicated the "interest" notation on its check was not an acknowledgment of the justness of the debt, but was in the nature of a condition. Roadside claims that, due to the strained relations among the

parties, any promise by Roadside to Nu–Way could not be construed as more than a promise conditioned upon a significant and substantial change in the course of conduct engaged in by a third party and his agents. It contended that such a change had not occurred. Finally, Roadside claimed the action should have been brought by Nu–Way, rather than by 7HBF, as a derivative action, with Nu–Way as a nominal party, and since Nu–Way never brought an action in its own name, the running of the statute of limitation has never been tolled. Roadside made no contention in its response that there was any material fact issue concerning the amount of the debt or whether Roadside owed the debt to Nu–Way.

On June 11, 1993, the trial court denied Roadside's summary judgment motion and granted Nu–Way Distributing's cross-motion for summary judgment. The court entered judgment in the amount of $1,266,525.42 plus postjudgment interest. Roadside filed an appeal to this court. We issued an original opinion, and Roadside filed a motion for rehearing. We now withdraw our prior opinion and judgment and substitute this opinion and judgment in its place.

### MERITS OF APPEAL

■ In its first point of error, Roadside contends Nu–Way could not recover based upon the acknowledgment shown by its check for interest because it failed to plead the acknowledgment as the basis for its recovery; therefore, there is no pleading on which the trial court could properly have entered judgment. Roadside relies on our decision in the case of *Eldridge v. Collard,* 834 S.W.2d 87 (Tex.App.—Fort Worth 1992, no writ). While noting the correctness of Roadside's pleading theory, the *Eldridge* decision does not address the waiver of such a theory in a summary judgment case. Roadside, in its response to the motion for summary judgment, addressed Nu–Way's contention that limitations ran from the acknowledgment. Also, Roadside neither made an objection nor, in any other way, raised this pleading issue as a basis for overruling Nu–Way's

motion for summary judgment. Only issues expressly presented to the trial court by written motion, answer, or other response may be considered on appeal. *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979). Roadside waived this issue by failing to present it in its response to Nu–Way's motion for summary judgment. Tex.R.Civ.P. 166a(c). We overrule the first point of error.

■ Roadside also contends, in its second point of error, that the trial court erred in granting summary judgment for Nu–Way because Nu–Way had no pleading on file seeking affirmative relief from Roadside. Pleadings were brought by 7HBF both on its own behalf and on behalf of Nu–Way Distributing Co. and Nu–Way, Inc., the owner of Nu–Way Distributing Co.'s stock. In its response to the motion for summary judgment, Roadside contended the pleadings were required to have been brought by Nu–Way itself.

7HBF brought this suit as a derivative action on behalf of Nu–Way Distributing Co. and Nu–Way, Inc., the owner of one hundred percent of Nu–Way Distributing Co.'s stock. In a verified answer, Roadside questioned the right of 7HBF to bring the suit in that capacity. In its response to 7HBF's motion for summary judgment, Roadside, while acknowledging that 7HBF was a fifty percent owner of the shares of Nu–Way, Inc., stated that Nu–Way Distributing Co. was the proper party to bring the action, but had never done so.

The question of whether a stockholder in the parent company can bring a suit on behalf of a subsidiary appears to be one of first impression. Neither party has cited direct authority to support their arguments on this point.

The Texas Business Corporations Act provides that a derivative suit may be brought in Texas only if:

(1) The plaintiff was a record or beneficial owner of shares ... at the time of the transaction of which he complains, or his

shares or interest thereafter devolved upon him by operation of law from a person who was such an owner at that time, and

(2) The initial pleading in the suit states:

(a) The ownership required by Subsection (1), and

(b) With particularity, the efforts of the plaintiff to have suit brought for the corporation by the board of directors, or the reasons for not making any such efforts.

Tex.Bus.Corp.Act Ann. art. 5.14(B) (Vernon 1980). The record reflects the pleadings filed by 7HBF on behalf of Nu–Way comply with the statute.

Stockholders of a corporation are the equitable owners of the assets of the corporation. *Rapp v. Felsenthal,* 628 S.W.2d 258, 260 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Consequently, 7HBF, as a stockholder with a fifty percent interest in Nu–Way, Inc., also is an equitable owner of fifty percent of the stock of Nu–Way Distributing Co. because Nu–Way, Inc. is the owner of all stock in Nu–Way Distributing Co. We agree with the Chancery Court of Delaware that such an equitable ownership interest gives one standing to bring a derivative suit. *See Jones v. Taylor,* 348 A.2d 188, 190 (Del.Ch. 1975). Therefore, we conclude 7HBF has standing to bring this derivative suit. Nowhere, neither in its verified answer, in its response to the motion for summary judgment, nor in its brief before this court, does Roadside make any argument or present any authority as to why 7HBF is not entitled to bring this derivative suit on behalf of Nu–Way, Inc. and Nu–Way Distributing Co. We overrule Roadside's second point of error.

As its third point of error, Roadside argues the summary judgment evidence did not establish that Roadside was bound by a one-year tolling provision agreed to by other parties in another lawsuit. This agreement to toll the statute of limitations for one year

was presented by appellees as an alternative basis for summary judgment. In its brief on appeal, 7HBF abandons its reliance on this agreement as support for its motion for summary judgment. Therefore, we do not address point of error three.[1]

For the sake of simplicity, we will address Roadside's sixth and seven points of error out of order. In its sixth point of error, Roadside argues its interest payment did not constitute an acknowledgment of the debt because its interest payment was not tied to this particular indebtedness that it owed to Nu–Way. The case of *First Nat'l Bank v. Gamble,* 134 Tex. 112, 132 S.W.2d 100 (1939), is dispositive of this issue. The giving of a check marked "interest" by a debtor is sufficient to acknowledge a debt. *Gamble,* 132 S.W.2d at 101. The summary judgment evidence shows that Nu–Way's invoice to Roadside for interest upon the account in question was invoice number 1544. The payment stub on Roadside's check showed that part of the payment made was for interest on invoice number 1544. We therefore conclude Roadside's interest payment was tied to the indebtedness in question here. Appellees argue Roadside's acknowledgment of the debt is also an acknowledgement that the amount of the indicated debt is a just and true amount. We disagree. Roadside did acknowledge that a debt was owed to appellees, but this acknowledgement cannot be construed as a concession to the accuracy of the amount. We overrule Roadside's sixth point of error.

In its seventh point of error, Roadside insists that the trial court erred by not considering evidence that Nu–Way or others had written off a portion of the alleged debt. Roadside presents no authority, and we are not aware of any, for the proposition that the act of "writing off" an indebtedness excuses payment by the debtor to the creditor of the indebtedness. We overrule the seventh point of error.

---

1. Summary judgment may be affirmed where the evidence supports the granting of the summary judgment on other, alternate theories. *See State*

*Farm Fire & Casualty Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993).

In the remaining points of error, numbers four and five, Roadside argues that if its legal arguments regarding limitations and the lack of pleadings are not sustained on appeal, then the judgment should be reversed because the summary judgment proof on the amount of the debt does not support the judgment. Roadside insists that appellees' calculation of indebtedness in the amount of $1,266,525.42, the figure adopted by the trial court in the judgment, is at odds with appellees' summary judgment evidence. The issue of the calculation of the amount of debt owed is the primary focus of Roadside's motion for rehearing.

On appeal, appellees argue Roadside did not preserve error on these points because it did not raise the argument about the inadequate proof of the debt amount in its response to appellees' motion for summary judgment. TEX.R.CIV.P. 166a(c). Roadside needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by appellees' motion are insufficient as a matter of law to support the summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Since no answer or response is necessary to raise a sufficiency challenge, it follows that the failure to raise such a challenge in its response does not preclude it from raising the argument on appeal. *Wilburn v. State*, 824 S.W.2d 755, 763 (Tex.App.—Austin 1992, no writ). Thus, we review the case to determine whether the appellees proved they are entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).[2]

The summary judgment evidence presented by appellees in support of their motion included an affidavit by Donna Cottongame, corporate secretary for Nu-way. In her affidavit, Cottongame testified Roadside had an outstanding balance on May 20, 1987 in the amount of $1,279,612.34. An invoice, numbered 1544, was sent to Roadside requesting an interest payment on this balance in the amount of $10,663.44, computed at ten percent per annum for a thirty-day period. The billing invoice and check remitted by Roadside as payment of the interest were attached to Cottongame's affidavit as exhibits. Roadside's check to Nu–Way was for $10,927.26, which included a $263.82 payment for an otherwise unreferenced invoice numbered 790138A. Cottongame also indicated that Roadside was credited with an accounting adjustment in the amount of $2,159.66. This figure is not externally supported by any documentation.

To reach the figure that the appellees requested as damages on summary judgment, one begins with the May balance of $1,279,612.34, then one subtracts the entire amount of Roadside's check, $10,927.26, and also subtracts the "adjustment" of $2,159.66, for a

---

**2.** We cannot and do not review whether there is a "genuine issue of material fact" as a grounds for reversal on the issue of the amount of debt owed by Roadside, because Roadside did not raise this issue at trial either in its answer or its response to the appellees' motion for summary judgment. *Westland Film Indus.*, 705 S.W.2d at 696; *Combs v. Fantastic Homes*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas) writ ref'd n.r.e. per curiam, 596 S.W.2d 502 (Tex.1979). In the appellate brief, factual issues not expressly presented to the trial court may not be considered at the appellate level as grounds for reversal. *See Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). On rehearing, Roadside contends its affidavit of Billy Delp preserved its argument in the trial court on the issue of the amount of debt owed. Delp's affidavit states:

The exact amount now sought to be recovered is not the correct amount due and owing. This figure does not take into consideration actual deliveries of product and relevant pricing agreements and is not true and correct, due and owing.

Statements in an affidavit opposing summary judgment with claims—such as all adjustments, offsets and counterclaims had not been deducted from sums sued upon and the defendant had not been credited with all payments—are mere conclusions and are insufficient to raise a fact issue. *Harley–Davidson Motor Co. v. Young*, 720 S.W.2d 211, 216 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 610 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Therefore, Delp's statements are mere conclusions, unsubstantiated by evidence, and are not sufficient to preserve for appeal Roadside's complaint about the amount owed on the debt.

total of $1,266,525.62. Appellees concede on appeal that the $10,663.44 was for interest and that interest should not have been deducted from the principle balance, but appellees explain they "deducted the entire check of [$10,927.26] in order to be certain that Roadside could not later claim that it was charged too much." Appellees further explained, "The same is true for the deduction of the $2,159.66, which appeared on Nu–Way Distributing's books as an adjustment in favor of Roadside." Appellees claim this error was harmless since it *favors* Roadside.

According to Roadside's math, however, the errors in calculation are *not* harmless when one looks to the other figures presented by appellees' summary judgment evidence in Cottongame's affidavit. Roadside suggests that Donna Cottongame's affidavit presents evidence of the actual amount of debt owed based on monthly entries of purchases made and payments received. Cottongame's affidavit states, in paragraphs nineteen through twenty-two:

19. The corporate records of Nu–Way Distributing reflect that the outstanding balance owed by Roadside Stations, Inc. to Nu–Way Distributing at the beginning of June of 1986 was $1,444,178.13. This amount reflects all product purchased by Roadside Stations, Inc. from Nu–Way Distributing through that date which had not yet been paid for as of that date.

20. The corporate records of Nu–Way Distributing reflect that payments received by Nu–Way Distributing from Roadside Stations, Inc. for the period beginning in June of 1986 through the end of December of 1986, were in the amount of $1,757,-256.87.[3]

21. Thus, the payments made by Roadside Stations, Inc. to Nu–Way Distributing through December of 1986 paid for all product purchased by Roadside Stations, Inc. up to the beginning of June of 1986.

Thus, any outstanding balance in December of 1986 or afterwards only reflects product purchased by Roadside Stations from Nu–Way Distributing beginning in June of 1986 to the present.

22. In fact, Roadside Stations, Inc. did continue purchasing product from June of 1986 to May of 1987. These purchases [ ] total $1,539,042.54.[4]

At trial and on appeal, Roadside does not dispute the figures presented in paragraphs nineteen through twenty-two of Cottongame's affidavit. It does not argue or contend there are any other purchases made, payments received, or credits that are not reflected in these paragraphs.

When one adds Cottongame's figures of the amount owed in June 1986 to purchases made subsequently, and then subtracts the payments made by Roadside, one ends up with a sum substantially less than the amount of the judgment. Calculating these figures respectively, $1,444,178.13 plus $1,539,042.54, less $1,757,256.87, the total figure is $1,225,963.80. The difference between appellees' calculation of $1,266,525.42, as adopted in the judgment, and the figure calculated by Roadside, is $40,561.62.

Thus, appellees did not prove they were entitled to damages of $1,266,525.42 as a matter of law. The amount of the debt is calculable from the evidence, but it is not the figure adopted in the judgment. Because the appellees did not prove the amount of damages entered in the judgment, we must reverse the summary judgment.

■■■ Although we conclude the appellees did not prove the damages portion of the judgment as a matter of law, we are of the opinion the summary judgment evidence is sufficient to prove Roadside owed a debt to appellees for products purchased. This presents a situation where summary judgment as to liability must be reconciled with the dam-

3. Paragraph twenty also sets forth the amount of Roadside's monthly payments from June 1986 through December 1986.

4. Paragraph twenty-two lists Roadside's additional purchases, month by month, from June 1986 through May 1987.

ages award against Roadside. Rule 81(b)(1) of the Texas Rules of Appellate Procedure provides in part:

> No judgment shall be reversed on appeal ... unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case ... and if it appears to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

TEX.R.APP.P. 81(b)(1). Rule 81(b)(1) applies in this case because the damages are liquidated[5] and that issue is clearly separable without unfairness to the parties. *St. Paul Co. v. Chevron U.S.A.*, 798 S.W.2d 4, 7 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd by agr.). Therefore, we reverse only as to damages and affirm the remaining part of the judgment.

We have determined the appellees did not show they were entitled, as a matter of law, to the entire amount of the judgment. While Cottongame's affidavit does not support an amount of $1,266,525.42, it does support an award of $1,225,963.80, a difference of $40,561.62. Since Roadside's points of error regarding damages have been sustained, the case must be remanded to the trial court unless appellees wish to make a voluntary remittitur of $40,561.62 under Rule 85(e) of the Texas Rules of Appellate Procedure.[6]

---

**5.** A claim is liquidated if the amount of damages can be accurately calculated by the court from the factual, as opposed to the conclusory, allegations in the petition and an instrument in writing. *Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 953 (Tex.App.—Fort Worth 1991, no writ).

**6.** Rule 85(e) of the Texas Rules of Appellate Procedure states:

> If a case appealed to the court of appeals is reversed because of an error of law that affects

*Paragon Hotel Corp. v. Ramirez*, 783 S.W.2d 654, 661 (Tex.App.—El Paso 1989, writ denied).

We note appellees' acquiescence in their brief on appeal that "if the court concludes that these figures do raise a doubt as to the exact amount of the debt, we will cure the error by voluntarily remitting the disputed amount pursuant to Rule 85(e), TEX.R.APP. P." If within fifteen days after this court's opinion, the appellees file, in this court, a remittitur of $40,561.62, the judgment of the trial court will be affirmed. Until such time as a voluntary remittitur is filed, we reverse and remand the judgment of the trial court on the portion of the summary judgment that awarded damages totalling $1,266,525.42. *See Wilburn*, 824 S.W.2d at 766. The remainder of the judgment is affirmed.

## OPINION AND JUDGMENT ON REMITTITUR

This cause came on to be heard on the transcript of the record, and the same having been reviewed, the court found there was error in part of the judgment of the trial court. Our opinion was handed down August 10, 1995, wherein we suggested appellees remit $40,561.62. Our opinion stated that if remittitur is not filed within fifteen days of August 10, 1995, we will reverse and remand this cause for new trial; otherwise, we shall affirm.

Remittitur having been made to this court on August 11, 1995, the judgment of the trial court is reformed and lowered so as to reflect judgment in the amount of $1,225,963.80, and is affirmed as reformed.

It is further ordered that Roadside Stations, Inc. pay one-half of all costs of this

only part of the damages or judgment, the affected party may voluntarily remit such amount *within 15 days* after the court's opinion or judgment. If such remittitur is filed and the court of appeals is of the opinion that such remittitur cures the reversible error, then such remittitur shall be accepted and the cause affirmed.

TEX.R.APP.P. 85(e) (emphasis added).

appeal, and that said costs be made from the cash deposit in lieu of bond made with the clerk of the trial court, and 7HBF, Ltd. and Nu–Way Distributing Co. pay one-half of all costs of this appeal, for which let execution issue.